1  David J. McGlothlin, Esq. (SBN 026059)
   david@westcoastlitigation.com
2  **Hyde & Swigart**
   2633 E. Indian School Road, Ste. 460
3  Phoenix, AZ 85016
   Telephone: (602) 265-3332
4  Facsimile:  (602) 230-4482

5  Ryan L. McBride, Esq. (SBN 032001)
   ryan@kazlg.com
6  **Kazerouni Law Group, APC**
   2633 E. Indian School Road, Ste. 460
7  Phoenix, AZ 85016
   Telephone: (800) 400-6808
8  Facsimile:  (800) 520-5523

9  *Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Rachael Wical,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| v. | |
| **Sterling Jewelers d/b/a Kay Jewelers,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), to insure fair and

**COMPLAINT**                                    1

accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. RACHAEL WICAL ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of STERLING JEWELERS D/B/A KAY JEWELERS ("Kay" or "Defendant") with regard to erroneous reports of derogatory and negative credit information made by Defendant to national reporting agencies, and for failure of Defendant to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

6. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendant are subject to personal jurisdiction in the County of Maricopa, State of Arizona as they conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person residing in the County of Maricopa, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Kay is a jewelry company doing business in the State of Arizona.

13. Defendant Kay is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

## GENERAL ALLEGATIONS

14. At all times relevant, Plaintiff was an individual residing within the State of Arizona.

15. At all times relevant, Defendant conducted business in the State of Arizona.

16. On or about March 31, 2016, Plaintiff filed for a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Arizona. Plaintiff's

case was assigned Case Number 2:16-cv-03371 (the "Bankruptcy") in order to obtain a fresh start and rebuild her credit.

17. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendant, the Creditors, received notice of the Bankruptcy.

18. On or about July 11, 2016, Plaintiff received a Bankruptcy discharge.

19. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

20. Defendant also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

21. Accordingly, the Debt to Defendant Kay was discharged through the Bankruptcy.

22. Plaintiff subsequently learned that Defendant reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous, inaccurate, and negative credit information in Plaintiff's credit files.

23. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's credit and her "fresh start".

## **Kay Misreported Credit Information**

24. In an Experian Information Solutions, Inc. ("Experian") credit report dated August 10, 2016, Kay reported the following inaccurate, derogatory information:

- Account No. 314432….:  Post-bankruptcy information for the following dates: Status reporting as "Paid. Closed".

25. Kay should not have reported derogatory information on Plaintiff's account after March 31, 2016, because Plaintiff filed for Bankruptcy on March 31, 2016.

26. On or about October 25, 2016, Plaintiff disputed Kay's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Kay.

27. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- Account No. 314432….: This account was discharged in my Bankruptcy which was filed on 03/31/2016 and discharged 07/11/2016, bearing Case No. 2:16-cv-03371 in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the inaccurate, derogatory information for the following post-bankruptcy dates: The Status is reporting as "Paid, Closed." This is inaccurate because the account was included in my bankruptcy. The status should indicate the account is included in bankruptcy.

28. The Experian Dispute Letter further requested that Experian:

- Immediately delete this account and the disputed derogatory information from my credit report.
- The discharged debt should be reported with an account balance of $0 with a status of "current".
- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 03/31/2016, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.
- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

29. Upon information and belief, Experian timely notified Kay of Plaintiff's dispute, but Kay continued reporting derogatory information.
30. Kay was required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.
31. On or about November 21, 2016, Plaintiff received notification from Experian that Kay and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and Defendant verified the account was "Updated".
32. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Kay and Experian simply left derogatory information on Plaintiff's report.  Specifically, Kay and Experian reported the following inaccurate, derogatory information:

- Account No. 314432….: Post-bankruptcy information for the following dates: Status is reporting as "Closed".

33. Plaintiff no longer has this account with Kay.
34. Plaintiff is not disputing the historical information on her account and is instead disputing the current "status" that Defendant Kay is reporting.
35. According to Experian's "Glossary of Credit Terms" pertaining to credit reports, "Status" is defined as "the current status or state of the account."

36. The Status reporting as "Closed" is blatantly incorrect because Plaintiff's debt was discharged in bankruptcy.

37. The status of the account should state that the account was included in bankruptcy.

38. By reporting the current status of the account as a "Closed." and failing to identify the current status as "included in bankruptcy," Kay is reporting inaccurate post-bankruptcy discharge information.

39. Plaintiff is informed and believes that her credit score is taking a "double-hit", once for her bankruptcy, and again for the negative status of a "Closed" negative account, preventing her from getting her fresh start from the bankruptcy.

40. The Consumer Data Industry Association ("CDIA") is an international trade association of corporate members involved in credit reporting and other consumer-related services.

41. To help furnishers comply with their requirements under the FCRA, the CDIA publishes standard guidelines for reporting data called the Metro 2 Format.

42. The Metro 2 Format guidelines for credit reporting state that Defendant should have entered a code in the Consumer Information Indicator (CII) field that reported Plaintiff's account as "Discharged through BK Chapter 7."

43. Defendant failed to comply with the Metro 2 guidelines by failing to report the Plaintiff's bankruptcy in the CII field.

44. Kay failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

45. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Kay responding and verifying the incorrect information to the credit reporting agencies,

Defendant Kay failed to check Plaintiff's bankruptcy filings to ensure the account was included in bankruptcy to aid Kay in reporting the correct status of her account.

46. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Kay responding and verifying the incorrect information to the credit reporting agencies, Defendant Kay failed to communicate with Experian to aid Defendant in reporting the correct status of her account.

47. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Kay responding and verifying the incorrect information to the credit reporting agencies, Defendant Kay failed to check the specific Metro 2 guidelines, specifically as they pertain to the Consumer Information Indicator (CII) field to aid Defendant in reporting the correct status of her account.

48. Defendant Kay further failed to contact Plaintiff and request additional information from Plaintiff that would aid Defendant in reporting the correct status of her account.

49. Therefore, Kay upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

50. Due to Kay's failure to investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

51. Kay's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

52. Kay's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

53. Specifically when a credit score is generated or an entity checks Plaintiff's credit worthiness, Plaintiff takes a significant negative penalty for having filed bankruptcy. However, any account that has the status of "included in bankruptcy" does not further negatively impact Plaintiff's credit score.

54. By Defendant incorrectly reporting the current status of "Closed" instead of "included in bankruptcy", Plaintiff's credit score and credit worthiness is negatively impacted and has been negatively impacted for over multiple months.

55. Any account that Plaintiff's personal liability was discharged in bankruptcy should have a current "status" of "included in bankruptcy."

56. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Kay failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ*. (FCRA)

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

59. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

60. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

## TRIAL BY JURY

61. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 3, 2017                    Respectfully submitted,

BY: /S/ DAVID MCGLOTHLIN
DAVID MCGLOTHLIN, ESQ.
ATTORNEY FOR PLAINTIFF